UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN GLASS AND GLAZING
INDUSTRY DEFINED CONTRIBUTION
PENSION PLAN, MICHIGAN GLASS &
GLAZING INDUSTRY WELFARE
INSURANCE FUND, and
INTERNATIONAL PAINTERS AND
ALLIED TRADES INDUSTRY PENSION
FUND,

    Plaintiffs,

v.                                       Case No. 05-72751

DYNAMIC WINDOW SYSTEMS, INC.     HONORABLE AVERN COHN
d/b/a THERMO-VIEW WINDOW
COMPANY,

    Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**[1]

**I. Introduction**

This is an action to collect fringe benefits. Plaintiffs Michigan Glass and Glazing Industry Defined Contribution Pension Plan (Michigan Glass Defined Contribution Plan), Michigan Glass and Glazing Industry Welfare Insurance Fund (Michigan Glass Insurance Fund), and International Painters and Allied Trades Industry Pension Fund (International Painters) (collectively referred to as the Funds) are suing Defendant Dynamic Window Systems, Inc., doing business as Thermo-View Window Company

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

(Thermo-View) to collect fringe benefit contributions that Thermo-View is obligated to pay under various collective bargaining agreements (CBAs).

Before the Court is Plaintiffs' Motion for Summary Judgment. The motion is unopposed.[2] For the reasons that follow, the motion is GRANTED IN PART.

## II. Background[3]

The Funds are maintained and administered under the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 141, et seq.; and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq. Under a CBA, Thermo-View is required to make contributions to the Funds based on glass and glazing work Thermo-View employees perform. The CBA also requires Thermo-View to provide its books and records for audit. The Funds say that Thermo-View has failed and refused to submit its books and records to the Funds for audit. Plaintiffs say that Thermo-View is indebted, at a minimum, as follows:

- To International Painters in the amounts of $2,679.24 in estimated unpaid contributions related to work performed in September, October, and November 2005; $8.95 in interest on estimated unpaid contributions through November 30, 2005; and $535.85 in estimated liquidated damages; and

- To Michigan Glass Defined Contribution Plan and Michigan Glass Insurance Fund in the amount of $388.91 in liquidated damages based on a late payment of contributions for March 2005.

---

[2] Plaintiffs filed the motion on December 15, 2005. The Court issued a notice of hearing on January 23, 2006, ordering defendant to file a response by February 10, 2006. Defendant failed to comply.

[3] The background is taken from Plaintiffs' Statement of Material Facts Not in Dispute.

### III. Discussion

### A. Legal Standard

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994)

(quoting Anderson, 477 U.S. at 251-52).  The Court "must view the evidence in the light most favorable to the non-moving party."  Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995).  Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact.  See Anderson, 477 U.S. at 255.  Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted.  Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

### B. Analysis

#### 1. Audit

The Funds first say that, under the CBA, they are entitled to audit Thermo-View's books and records and that Thermo-View must allow an audit.  The Funds attached as an exhibit to their motion a copy of the "Glaziers and Inside Glassworkers G.C.A. Contractors Agreement," effective June 1, 2004 through May 31, 2007.  Section 6.5 of the agreement states:

> The Employer agrees to permit any authorized agent or representative of the Fund(s) to enter upon the premises of the Employer at any reasonable time to examine, audit and copy such books, records, papers and reports, whether such records are in physical or electronic form, of the Employer as may be necessary in the opinion of the Trustees to determine whether the Employer is making full payment to the Funds of the amounts required herein, including, but not limited to, all check registers, payroll records, job records, and all records of original entry such as general ledgers and journals (whether such records are in physical or electronic form) kept in the ordinary course of the Employer's business.  If said audit shall disclose a delinquency to the Fund(s), the cost of the audit shall be borne by the Employer, but in no case shall the Employer pay any cost of the audit which is in excess of the amount of the delinquency determined.

See Pl. Ex. A.  The Funds say that Thermo-View has refused to permit the audit to which the Funds are entitled.  The Funds attached to their motion affidavits establishing

4

that (1) an audit of Thermo-View's books and records was scheduled for May 12, 2005, but Thermo-View's president asked for the audit to be rescheduled to May 19, 2005; (2) Thermo-View's president asked for the audit to be again rescheduled, but he neither made any efforts to reschedule the audit nor submitted books and records for the audit; and (3) the estimated delinquent amounts Thermo-View owes the Funds.  Thermo-View did not file a response or any opposition to the instant motion.  Accordingly, the Funds are entitled to audit Thermo-View's books and records.

### 2. Damages

The Funds next say that they are entitled to judgment for any of Thermo-View's unpaid contributions as revealed by the audit of Thermo-View's books and records for the period June 2004 through the audit date.

ERISA provides a cause of action for the collection of unpaid contributions owed to employee benefit plans.  See 29 U.S.C. § 1145.  The question of the amount of damages to which Detroit Carpenters is entitled is governed by § 502(g)(2) of ERISA:

> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan in awarded, the court shall award the plan—
> **(A)** the unpaid contributions,
> **(B)** interest on the unpaid contributions,
> **(C)** an amount equal to the greater of—
> **(i)** interest on the unpaid contributions, or
> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> **(E)** such other legal or equitable relief as the court deems appropriate.

> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2) (emphasis in original).  As noted above, the Funds have provided the Court with an estimate of Thermo-View's delinquency.  The Funds estimate that Thermo-View is indebted to the Funds at least $3,612.95.  Because Thermo-View's total indebtedness will not be known before an audit is complete, the Funds request judgment against Thermo-View in the amount of $3,612.95 delineated as follows:

- An award to International Painters totaling $3,224.04
- An award to Michigan Glass Defined Contribution Plan and Michigan Glass Insurance Fund totaling $388.91.

Awarding the Funds damages is premature.  The audit must first be completed before damages may be calculated and awarded.  Accordingly, upon completion of the audit of Thermo-View's books and records, the Funds must petition the Court for an award of damages.

SO ORDERED.

Dated:  February 15, 2006          s/Avern Cohn
                                   AVERN COHN
                                   UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 15, 2006, by electronic and/or ordinary mail.
                                    s/Julie Owens
                                   Case Manager, (313) 234-5160